Jared L. Bryan (SBN 220925)
Jared.bryan@jacksonlewis.com
Kyle C. Worrell (SBN 281287)
Kyle.worrell@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Defendant
CITY OF ADELANTO

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MARK DE MANINCOR, | CASE NO.: 19-1351 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441 (FEDERAL QUESTION)** |
| vs. | |
| CITY OF ADELANTO, an incorporated city of a governmental entity, RICHARD KERR, individual and Mayor for the City of Adelanto, JERMAINE WRIGHT, an individual and councilman for the City of Adelanto, JOHN WOODARD JR., an individual and councilman for the City of Adelanto, and DOES 1 through 50, inclusively, | |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. Section 1446, Defendant CITY OF ADELANTO ("Adelanto") hereby invokes this Court's jurisdiction under 28 U.S.C. Sections 1331, 1367, and 1441 and state the following grounds for removal:

///

///

**JURISDICTION**

1.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331 and 1441.  This case may be removed pursuant to 28 U.S.C. Sections 1331, 1441, and 1446 because it contains a claim arising under federal law, specifically, Plaintiff's fifth, sixth, and seventh causes of action for alleged violation of Plaintiff's due process under the Fourteenth Amendment of the United States Constitution, and pursuant to 42 U.S.C. Section 1983.

2.      The Court may exercise supplemental jurisdiction over Plaintiff's remaining claims in this matter pursuant to 28 U.S.C. Section 1367(a) because the federal and state law claims form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).

**TIMELINESS OF REMOVAL**

3.      On or about November 19, 2018, Plaintiff Mark De Manincor ("Plaintiff") filed a civil complaint against Defendants in the Superior Court of the State of California in and for the County of San Bernardino ("Superior Court"), entitled Mark De Manincor v. City of Adelanto, et al., Case No. CIVDS1830564 ("Complaint"), which sets forth seven causes of action for:  (1) hostel [sic] work environment (FEHA); (2) wrongful termination - discrimination of age; (3) wrongful termination – whistle blowing; (4) wrongful termination – retaliation; (5) violation of due process [in violation of the California Constitution]; (6) violation of due process [in violation of the California Constitution]; and (7) violation of due process [in violation of the California Constitution].  Declaration of Jared L. Bryan ("Bryan Decl.") ¶ 3, Exhibit 1.

4.      Defendant was served with Plaintiff's Summons and Complaint on or about December 6, 2018.  Plaintiff also delivered copies of the Summons and Complaint for Richard Kerr ("Kerr") and John Woodard ("Woodard") to Brenda Lopez ("Lopez"), City Clerk for the City of Adelanto, ostensibly under a theory of substitute service.  As shown in the declaration of Lopez, at no time has Kerr, Woodard, or Wright provided express authorization for her to accept service of process on their behalf.  (See, Declaration of

Brenda Lopez ("Lopez Decl.") ¶ 11.)  But even if Lopez was authorized to accept service on their behalf, the service still would be invalid under Code of Civil Procedure, Section 415.20(b), because Plaintiff failed to set forth any information regarding his attempts to personally serve the individual defendants.  Cal. Code Civ Proc. §§ 415.20(b), 416.90; see also, Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ("Rather than finding any reasonable diligence in the pursuit of personal service on these defendants, we find no evidence of any diligence whatsoever …. Personal delivery must be attempted in all cases where this alternative method is used.")   In addition, Defendant's office apprised Plaintiff's counsel that service on Kerr and Woodard was not proper back in January 2019.  Defendant's office also informed Plaintiff's counsel that Defendant's office was not authorized to accept service on behalf of the individual defendants in this case.   To date, it is Defendant's understanding that individual Defendants – Kerr, Woodard, or Wright – have not been properly served with the Complaint, or any amended complaints.  Bryan Decl., ¶¶ 4, 21; Exhibit 17.

5.      Based on the foregoing, Defendant does not need to obtain consent from the individual Defendants to remove this action to federal court.  Bryan Decl., ¶ 4.  Destfino v. Reiswig, 630 F.3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join); see also, Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997) (a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal).

6.      On January 7, 2019, after attempting to meet and conferring with Plaintiff's counsel regarding the deficiencies in Plaintiff's Complaint, Defendant submitted a declaration pursuant to California Code of Civil Procedure Section 430.41 for a 30-day extension of time to respond to Plaintiff's Complaint.  Bryan Decl., ¶ 5; Exhibit 2.

7.      On or about January 10, 2019, the Superior Court issued and order granting the 30-day extension to respond to Plaintiff's Complaint.  Bryan Decl., ¶ 6; Exhibit 3.

8.      On February 6, 2019, Adelanto filed and served a demurrer to Plaintiff's

Complaint in the San Bernardino Superior Court.   Bryan Decl., ¶ 7; Exhibit 4.

9.     On or about February 21, 2019, prior to the deadline for filing an opposition to Adelanto's demurrer, Plaintiff filed a first amended complaint ("FAC") against Defendants in the Superior Court of the State of California in and for the County of San Bernardino, Case No. CIVDS1830564, which sets forth seven causes of action against Defendants for:  (1) hostile work environment (FEHA); (2) wrongful termination - discrimination of age; (3) wrongful termination – whistle blowing; (4) wrongful termination – retaliation; (5) violation of due process [in violation of the California Constitution]; (6) violation of due process [in violation of the California Constitution]; and (7) violation of due process [in violation of the California Constitution].   Bryan Decl., ¶ 8; Exhibit 5.

10.     On February 21, 2019, Plaintiff's counsel filed a declaration in response to the Declaration of Kyle C. Worrell.  Bryan Decl., ¶ 9; Exhibit 6.

11.     On February 21, 2019, Plaintiff caused the FAC in this Action to be served on Adelanto by mail.  As a result of the filing and service of the FAC, the Demurrer hearing previously scheduled for March 6, 2019, at 8:30 a.m. was vacated.  Bryan Decl., ¶ 10; Exhibit 7.

12.     On March 26, 2019, after attempting to meet and conferring with Plaintiff's counsel regarding the deficiencies in Plaintiff's FAC, defense counsel submitted a declaration pursuant to California Code of Civil Procedure Section 430.41 for a 30-day extension of time to respond to Plaintiff's Complaint.  Bryan Decl., ¶ 11; Exhibit 8.

13.     On or about April 10, 2019, the Court issued and order granting the 30-day extension to respond to Plaintiff's Complaint.  Bryan Decl., ¶ 12; Exhibit 9.

14.     On April 25, 2019, Adelanto filed and served a demurrer to Plaintiff's FAC in the San Bernardino Superior Court. Bryan Decl., ¶ 13; Exhibit 10.

15.     On May 9, 2019, Plaintiff served an opposition to Adelanto's demurrer to Plaintiff's FAC.  Bryan Decl., ¶ 14; Exhibit 11.

16.     On May 16, 2019, Adelanto served its reply in support of its Demurrer to

Plaintiff's FAC.  Bryan Decl., ¶ 15; Exhibit 12.

17.    On May 17, 2019, the Court held a Trial Setting Conference ("TSC"), which was continued to the date of the demurrer hearing.  Bryan Decl., ¶ 16; Exhibit 13.

18.    On May 23, 2019, the Court held a hearing on Adelanto's demurrer to Plaintiff's FAC.  The Court sustained Adelanto's demurrer, but provided Plaintiff leave to amend.  Bryan Decl., ¶ 17; Exhibit 14.

19.    On May 23, 2019, the Court also continued the TSC to October 22, 2019, at 8:30 a.m.  Bryan Decl., ¶ 18; Exhibit 15.

20.    On or about June 18, 2019, Plaintiff filed a second amended civil ("SAC") complaint against Defendants in the Superior Court of the State of California in and for the County of San Bernardino, which sets forth seven causes of action against all Defendants:    (1) hostile work environment (FEHA); (2) wrongful termination - discrimination of age; (3) wrongful termination – whistle blowing; (4) wrongful termination – retaliation; (5) violation of due process pursuant to 42 U.S.C. Section 1983 [in violation of the 14th Amendment of the United States Constitution]; (6) violation of due process pursuant to 42 U.S.C. Section 1983 [in violation of the 14th Amendment of the United States Constitution]; and (7) violation of due process pursuant to 42 U.S.C. Section 1983 [in violation of the 14th Amendment of the United States Constitution]. Bryan Decl., ¶ 19; Exhibit 16.

21.    On June 18, 2019, Plaintiff caused the SAC in this Action to be served on Adelanto by U.S. Mail.  This is the first time any pleading from Plaintiff had asserted a federal claim.  Bryan Decl., ¶ 20.

22.    On July 10, 2019, Plaintiff filed "Proof of Service" for the original Complaint on Kerr and Woodard.  This Proof of Service document indicates that service was allegedly effectuated under California Code of Civil Procedure Section 416.90, by substitute service on Lopez.  As noted above, Lopez has not been authorized by Kerr, Woodard, or Wright to accept service of process on their behalf.  Moreover, no information is provided in the Proofs of Service about any diligence or efforts to

CASE NO.  19-1351                    5                    NOTICE OF REMOVAL
(FEDERAL QUESTION)

personally serve Kerr or Wright.  Bryan Decl., ¶ 21; Exhibit 17.

23.   On July 22, 2019, Adelanto filed and served an answer to Plaintiff's SAC in the San Bernardino Superior Court.   Bryan Decl., ¶ 22; Exhibit 18.

24.   A Trial Setting Conference is set for October 22, 2019, in the state action. Bryan Decl., ¶ 23.

25.   To date, it is Defendant's understanding that individual Defendants – Kerr, Woodard, or Wright – have not been properly served with the original Complaint, nor any amended complaints.  Bryan Decl., ¶ 4.

26.   Based on the foregoing, Adelanto does not need to obtain consent from the individual Defendants to remove this action to federal court.  Bryan Decl., ¶ 4. Destfino v. Reiswig, 630 F.3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join); see also Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997) (a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal).

27.   It is DefendantCity of Adelanto's understanding that no other proceedings have been scheduled or have taken place in the Superior Court Action, as of July 22, 2019.  Bryan Decl., ¶ 24.

28.   This Notice of Removal is filed with this Court within thirty (30) days of any Defendants' receipt or service of a copy of the Summons and Complaint in the state action.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. Section 1446(b).  See Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (holding that the removal deadline is triggered by the official service date assuming it can be ascertained from the complaint that the matter is removable).

## FEDERAL QUESTION

29.   The SAC purports to set forth three claims pursuant to 42 U.S.C. Section 1983 for alleged violations of the Fourteenth Amendment of the United States

/ / /

Constitution against all defendants.  Although not well pled, these claims seek to adjudicate Plaintiff's federal civil rights.  The other claims in the Action are discussed below.

30.     All properly-served defendants in a state action must join in a petition for removal, except for nominal, unknown or fraudulently joined parties.  Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986).  Thus, Defendant does not need the consent of the defendants named as "Does 1-50 inclusively" in the SAC for purposes of removal.  Those named as defendants but not properly served in the state court action need not join the notice of removal.  Destfino v. Reiswig, 630 F.3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join); see also, Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997) (a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal).  Thus, Defendant does not need to obtain consent from Kerr, Wright, or Woodard to remove this action to federal court.

31.     Removal of the SAC is proper under 28 U.S.C. Sections 1441 and 1446 because Plaintiff asserts a federal claim alleging a violation of the Fourteenth Amendment of the United States Constitution against all Defendants.

32.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by the Plaintiff or conceding Plaintiff has pled claims upon which relief can be granted against them.

33.     Because Adelanto is the only properly-served defendant in this action, no other defendants need to join in or consent to this removal, as stated above.

## SUPPLEMENTAL JURISDICTION

34.     The Court may exercise supplemental jurisdiction over Plaintiff's remaining claims in this matter pursuant to 28 U.S.C. Section 1367(a).  Supplemental jurisdiction is proper because the federal and state law claims form part of the same case or controversy
/ / /

under Article III of the United States Constitution.  28 U.S.C. § 1367(a); <u>see also</u> <u>Baer v. First Options of Chicago, Inc.</u>, 72 F.3d 1294, 1299 (7th Cir. 1995) ("A loose factual connection between the claims is generally sufficient.")

35.    In particular, Plaintiff's employment claims contain allegations similar to Plaintiff's fifth, sixth, and seventh causes of action brought pursuant to 42 U.S.C. Section 1983 for alleged violation of the Fourteenth Amendment of the United States Constitution, because they relate to the alleged due process violations related, in particular, to pre- and post-termination hearing processes.  (See Exhibit 16 to Bryan Decl. ¶¶ 9-23, 24, 26-28, 32, 38, 42-44, 48-65.)

36.    Moreover, Plaintiff incorporates the allegations supporting his fifth, sixth, can seventh causes of action for violation of due process by reference into each and every cause of action in his complaint.  (See Exhibit 16 to Bryan Decl. ¶¶ 24, 32, 38, 42, 48, 53, 60.)  As such, Plaintiff's other claims form part of the same case or controversy as his 42 U.S.C. Section 1983 claim for alleged violation of the Fourteenth Amendment of the United States Constitution.

## **VENUE**

37.    The state court from which this Action was removed and in which this Action was commenced is within this Court's district and division.  Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1441(a) and 1391(b) because the state action was filed in this district and this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.  <u>See</u> 28 U.S.C. § 84.

## **NOTICE TO COURT AND PARTIES**

38.    This Notice of Removal will be filed promptly with the Clerk of the Superior Court for San Bernardino County, California, as required by 28 U.S.C. Section 1446(d), and will be served on counsel for Plaintiff.

/ / /

/ / /

1    WHEREFORE, Defendant City of Adelanto prays that the above action now

2  pending against it in the Superior Court of the State of California, San Bernardino County

3  be removed to this Court.

4

5  DATED:  July 23, 2019                    JACKSON LEWIS P.C.

6

7

8                                 By:    /s/ Jared L. Bryan

9                                        Jared L. Bryan
                                         Kyle C. Worrell

10                                       Attorneys for Defendant
                                         CITY OF ADELANTO
11

12  4839-8408-2333, v. 3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28